UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil No.: |
| | : | |
| v. | : | |
| | : | |
| (1) BANK OF AMERICA CHECKING ACCT. #XXXXXXXX8836, VALUE: $10,675.13, | : | |
| | : | |
| (2) BANK OF AMERICA CHECKING ACCT. #XXXXXXXX3805, VALUE: $3,000.00, | : | |
| | : | |
| (3) BANK OF AMERICA CHECKING ACCT. #XXXXXXXX3818, VALUE: $761.15, | : | |
| | : | |
| (4) BANK OF AMERICA CHECKING ACCT. #XXXXXXXX5626, VALUE: $4,790.86, | : | |
| | : | |
| (5) BANK OF AMERICA CHECKING ACCT. #XXXXXXXX7880, VALUE: $2,100.03, | : | |
| | : | |
| (6) BANK OF AMERICA INTEREST BEARING ACCT. #XXXX3Y80, VALUE: $4,564.05, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT: LONG D. NGUYEN] | : | July 15, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

      Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

      1.     This is a civil action <u>in</u> <u>rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful

1

activity," or a conspiracy to commit such offense, and 21 U.S.C. §§ 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendants are as follows: (1) Bank of America Checking Account #XXXXXXXX8836, Value: $10,675.13, in the name of L D Nguyen, LLC; (2) Bank of America Checking Account #XXXXXXXX3805, Value: $3,000.00, in the name of Long D. Nguyen; (3) Bank of America Checking Account #XXXXXXXX3818, Value: $761.15, in the name of Long D. Nguyen; (4) Bank of America Checking Account #XXXXXXXX5626, Value: $4,790.86, in the name of L D Nguyen LLC; (5) Bank of America Checking Account #XXXXXXXX7880, Value: $2,100.03, in the name of L D Nguyen, LLC; and (6) Bank of America Interest Bearing Account #XXXX3Y80, Value: $4,564.05, in the name of Long D. Nguyen (hereafter referred to as "Defendant Bank Accounts").

4. The Defendant Bank Accounts are located within the jurisdiction of this Court.

5. The proceeds from the Defendant Bank Accounts are currently in the custody of the United States Marshal's Service.

6. On April 17, 2019, Long D. Nguyen ("Claimant") submitted an administrative claim of ownership as to three of the Defendant Accounts, listed in the case caption as bank accounts (1), (2), and (3). The following day, on April 18, 2019, the Claimant submitted an additional administrative claim of ownership as to the three other Defendant Accounts, listed in the case caption as bank accounts (4), (5), and (6).

## Background of Investigation

7. During the months of December 2018 and January 2019, the DEA Bridgeport Resident Office (BRO), Connecticut State Police (CSP), and Berlin Police Department (BPD) received information from confidential informants that Claimant Long D. Nguyen was involved in the sale and distribution of cocaine within Connecticut. Subsequently, law enforcement began an investigation into the Claimant's activities.

8. On January 3, 2019, the Claimant was observed selling approximately 33 grams of cocaine to a confidential informant during a controlled narcotics purchase. At the Claimant's instruction, the purchase took place at the Claimant's residence, located at 196 Wildermere Road, Berlin, Connecticut.

9. Based on the information gathered in this investigation, on January 10, 2019, Honorable Judge Jon M. Alander, Connecticut Superior Court Judge for the Judicial District of New Britain, signed State of Connecticut Search and Seizure Warrants for the Claimant's person and for the Claimant's residence at 196 Wildermere Road, Berlin, Connecticut.

10. On January 17, 2019 at approximately 4:00 P.M, law enforcement established surveillance of the 196 Wildermere Road residence and confirmed that the Claimant resided in the location with another male roommate, later identified as Phounsavanh Kokhammany.

11. At 5:30 P.M., law enforcement entered the residence and found that both the Claimant and Mr. Kokhammany were inside. Both individuals were detained and separately read their Miranda Notice of Rights by law enforcement, which they both acknowledged that they understood. The Claimant agreed to cooperate with investigators. The Claimant stated that his source of supply for marijuana was located in New York, that his source of supply for cocaine was located in Connecticut, and that he typically purchased five hundred (500) grams of cocaine and up to sixty (60) pounds of marijuana each time he purchased narcotics. The number of

purchases made by Mr. Nguyen is unknown. In a written statement, the Claimant made the following admissions:

> "…I have about 10 pounds of packaged marijuana and about 300 grams of powdered cocaine that I keep in my upstairs master bedroom. I also have about $10,000.00 in United States cash that I have hidden in my bedroom. I admit that I have sold marijuana and cocaine for approximately the past two years and that the marijuana and cocaine in my bedroom was for future drug sales. The cash that I have in the house is money I have made from the sale of marijuana and cocaine. I am the only one responsible for the drugs and associated drug proceeds found in my house and I am the only one engaged in the sale of marijuana and cocaine. No one else who lives in my house sells drugs."

12.     Thirty-eight (38) items of evidence were located and seized as follows during the execution of the Search and Seizure Warrant for the Claimant's residence, including but not limited to the following: two (2) cardboard boxes containing numerous sealed packages of a green plant-like substance purported to be marijuana, weighing approximately twenty (20) pounds including packaging; one (1) clear plastic bag containing a white powder-like substance purported to be cocaine, weighing approximately one (1) pound including packaging; two (2) cardboard boxes containing approximately nineteen (19) pounds of THC vape cartridges; one (1) money counter; an assortment of packaging materials; one (1) Apple IPhone; various drug ledgers and records; and banking and financial records. The financial and banking records referred to approximately twelve (12) Bank of America accounts associated with the Claimant's name, including checking accounts ending in "8836," "3818," "5626," and "7880," later identified as the Defendant Bank Accounts referred to in this document as (1), (3), (4), and (5).

13. Numerous quantities of United States currency, totaling approximately $26,861.00, were also located in the residence and seized as follows: approximately $9,612.00 was seized from a safe below the stairs to the basement, to which the Claimant provided the code to gain access, and also found in the safe was a quantity of a white, powdery substance, purported to be cocaine; approximately $1,863.00 was seized from the master bedroom, on top of an ironing board; approximately $2,245.00 was seized from the second floor clothes dryer, located in the pockets of various men's clothing; approximately $40.00 was seized from the floor of the hall on the second floor; and approximately $13,001.00 was seized from the floor of the spare bedroom, located in a shoebox. The spare bedroom was also where the formerly-mentioned drug evidence, including THC cartridges and substances purported to be cocaine and marijuana, were located and seized.

14. The Claimant further stated that he owned Lavish Nail Studio at 1050 New Britain Avenue in West Hartford, Connecticut, and that he purchased the business for $33,000.00 in United States currency that he earned through "success in the stock market." The Claimant stated that the residence in which he resided was rented from his brother, and that his brother had no knowledge of his drug-selling activities. Law enforcement later contacted the Claimant's brother, who stated that he was the owner of 196 Wildermere Road, Berlin, Connecticut. Although he professed knowledge of the Claimant's former drug-related felony convictions, the Claimant's brother denied any knowledge of the Claimant's ongoing involvement with drug sales, or any knowledge of drug sales occurring at the residence.

15. The Claimant's roommate, Phounsavanh Kokhammany, stated that he had no knowledge of Nguyen selling drugs or partaking in any other criminal activity.  Mr. Kokhammany stated that none of the drugs and money seized in the house belonged to him, and that the only money in the house that was his was the jar of coins in his bedroom and $20.00 in

United States currency also in his bedroom. Mr. Kokhammany stated that he knew that the Claimant owned a nail salon, but that he never saw the Claimant go to work.

16.     Based on the information gathered in this investigation, on January 18, 2019, Honorable Judge Vernon D. Oliver, Connecticut Superior Court Judge for the Judicial District of Tolland, signed a State of Connecticut Search and Seizure Warrant for any and all checking account balances associated with Long D. Nguyen, to include accounts ending in "5626" as well as "8836, any and all saving accounts balances, to include accounts ending in "7880" and "3818", and any and all other financial accounts associated with the Claimant, Long Nguyen.

17.     On January 18, 2019, law enforcement executed the State Search and Seizure Warrant on the Bank of America at 525 New Britain Avenue, Berlin, Connecticut, for any and all accounts associated with the Claimant. Bank representatives stated there were five accounts and that all the accounts were checking accounts.  The five accounts which were frozen and their contents seized were: (1) Bank of America Checking Account #XXXXXXXX8836, Value: $10,675.13, in the name of L D Nguyen, LLC; (2) Bank of America Checking Account #XXXXXXXX3805, Value: $3,000.00, in the name of Long D. Nguyen; (3) Bank of America Checking Account #XXXXXXXX3818, Value: $761.15, in the name of Long D. Nguyen; (4) Bank of America Checking Account #XXXXXXXX5626, Value: $4,790.86, in the name of L D Nguyen LLC; (5) Bank of America Checking Account #XXXXXXXX7880, Value: $2,100.03, in the name of L D Nguyen, LLC.

18.     On February 15, 2019, a Bank of America employee alerted law enforcement that one account associated with the Claimant's name had yet to be turned over law enforcement. The Bank of America employee became aware of the cash management account while working on a Suspicious Activity Report (SAR) regarding the account.

19. Based on this additional information, on February 15, 2019, Honorable Judge Vernon D. Oliver, Connecticut Superior Court Judge for the Judicial District of Tolland, signed a State of Connecticut Search and Seizure Warrant for the cash management account ending in "3Y80," held in the name of the Claimant, Long D. Nguyen, as well as the financial records associated with the account for the time period between January 1, 2019 and February 15, 2019. Account 3Y80 was frozen and its proceeds seized by law enforcement.

20. In the course of speaking with law enforcement, the Claimant stated that he was on what he referred to as a "deportation" notice back to Vietnam, due to his criminal record of selling drugs in the past. During the processing portion of the Claimant's arrest, law enforcement were notified through the Department of Homeland Security that Mr. Nguyen was subject to both an "Immigration Detainer" and "Warrant of Removal/Deportation." A State Police Records Check (SPRC) for the Claimant also revealed he was a felon with convictions for Sale of Narcotics, Intimidation 2nd, Breach of Peace, Weapons in a Motor Vehicle, and multiple Driving Under the Influence. After processing Nguyen's arrest at the Berlin Police Department, Department of Homeland Security contacted investigators regarding the arrest of Nguyen. Department of Homeland Security stated there is an Immigration detainer and a warrant for removal. It was also learned that a judge has already signed a warrant for his removal. He is currently held for a $500,000.00 bond at Hartford Correctional Center.

21. Although the Claimant has represented that he owns Lavish Nail Salon, a State of Connecticut Department of Labor check revealed that Nguyen has not received any wage earnings in Connecticut since the fourth quarter of 2016.

Claims for Relief

22. Based upon the above information, it is believed that the Defendant Bank Accounts constitute property or are derived from proceeds traceable to a violation constituting

7

"specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

23. The Defendant Bank Accounts represent property or proceeds derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

24. Based upon the above information, it is believed that the Defendant Bank Accounts constitute proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

25. The Defendant Bank Accounts represent proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and are therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for the Defendant Bank Accounts; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Bank Accounts to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


_____/s/ John B. Hughes_____
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
FEDERAL BAR NO.: ct05289
157 CHURCH ST., 25th FLOOR
NEW HAVEN, CT 06510
PHONE NO.: (203) 821-3700
FAX: (203) 773-5392
EMAIL: john.hughes@usdoj.gov

# DECLARATION

I am a Special Agent for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of July, 2019.

/s/ Christopher Matta
CHRISTOPHER MATTA
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION